**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alex BALDOMINO, Defendant–**
**Appellant.**

No. 03–10095.
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 2003.

Jeffrey Robert Haag, US Attorney's Office, Lubbock, TX, for Plaintiff–Appellee.

David Michael Guinn, Jr., Aaron Ray Clements, Hurley, Reyes & Guinn, Lubbock, TX, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM.*

The current appeal represents Alex Baldomino's second attempt to appeal his guilty-plea conviction for being a felon in possession of a firearm. Baldomino's initial appeal was dismissed when counsel failed to timely order the transcript and make necessary financial arrangements. *See United States v. Baldomino,* No. 00–11302 (5th Cir. Dec. 11, 2000) (unpublished).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Baldomino filed a *pro se* 28 U.S.C. § 2255 motion requesting an out-of-time appeal due to ineffective assistance of counsel. The district court determined that Baldomino was entitled to relief. Accordingly, the district court reentered the underlying criminal judgment on the docket, appointed Baldomino's trial counsel to represent him on appeal, and instructed counsel regarding the date that the notice of appeal was due.

Notwithstanding the district court's order, counsel did not file the notice of appeal until more than six months had elapsed. Accordingly, the notice of appeal filed in case No. 03–10095 is untimely. *See* FED. R.APP. P. 4(b)(1). We note, however, that in prosecuting appeal No. 03–10095, Baldomino has cured the defects that led to dismissal of No. 00–11302, thereby making that appeal eligible for reinstatement. Accordingly, we hereby reinstate appeal No. 00–11302 and consolidate it with No. 03–10095.

Baldomino argues that his conviction should be reversed because the district court erred when it denied his motion to suppress the evidence. He concedes that the initial traffic stop was valid; however, he argues that his Fourth Amendment rights were violated when the police officers impermissibly extended his lawful detention.

A review of the videotape of incident reveals that, prior to the conclusion of the initial valid traffic stop, the investigating officer suspected that Baldomino was driving under the influence based on his red, glassy eyes and his demeanor when speaking. Because the officer had additional articulable, reasonable suspicion that a crime was being committed, the brief extension of the initial valid stop was permissible. *See United States v. Santiago*, 310 F.3d 336, 341–42 (5th Cir.2002). Accordingly, Baldomino's Fourth Amendment rights were not violated. The conviction is affirmed.

In closing, Baldomino's counsel is reminded of his duty to follow the governing rules of procedure, both in the district court and in this court. We caution counsel that this court has the power to discipline an attorney who fails to comply with these rules. *See* FED. R.APP. P. 46(c).

AFFIRMED.